Smith, J.
One of the grounds urged for the reversal of the judgment in this ease is, that the court erred in overruling the motion of the defendant below to quash the indictment and to arrest-the judgment on the verdict, for the reason that the record showed that the grand jury which presented tho bill, was notempanelled from persons selected and summoned in accordance with the law. The question thus presented is, whether sec. 7203, Rev Stat., is at all applicable to Hamilton county, in so- *629 far as regards the mode of selecting the members of the new grand jury therein provided for, after the discharge of the regular grand jury, and which is to be called by the sheriff from the bystanders or neighboring citizens. The record shows that the new grand jury which presented this indictment, was so selected and empanelled without objection from any one.
At the time this was done, secs. 5189a, 5189b, 5189d, 5189e, and 5189f, Rev. Stat., were in force. They provide for a jury wheel in counties like this; for the appointment of jury commissioners to select the names to be placed therein, and for the drawing therefrom in the manner pointed out therein, when directed by the court, of names of persons to serve as jurors; and one of these sections says “that all grand and petit jurors shall be empanelled from persons so selected and summoned as aforesaid.”
But notwithstanding this language, we incline to the opinion, in the light of the decision of McHugh v. The State, 38 Ohio St. 153, that these sections do not in effect exempt Hamilton county from the operation of sec. 7203. We are unable to see any difference in principle .between this ease and that, and think the court did not err in overruling the motions.
But, if there is doubt as to this proposition, sec. 5175, Rev. Stat.; settles the question against the claim of the plaintiff in error. It provides that the whole array may be set aside by the court, when the grand or petit jury was not selected or summoned as prescribed by law ; but that no indictment shall be quashed, or verdict set aside for any such irregularity. Such, too, was the. law and practice before the enactment of this statute. See 17 Ohio St. 583.
2nd. It is. further urged that the tn'al judge erred in refusing to sustain the challenges for cause interposed by defendant to each of the three persons called as jurors, viz.: W. A. Davis, Geo. L. Laboiteaux and Ralph Voorhees, and who, after the overruling of the challenges, were peremptorily challenged by the defendant.
*630 Sec. 7288 provides that “ the following” (among others stated), “shall be good causes for challenging to any person called as a juror on any indictment. * * * Second, that he has formed or expressed an opinion as to the guilt or innocence of the accused ; but if a juror has formed or expressed an opinion as to the guilt or innocence of the accused, the court shall thereupon proceed to examine such juror on oath as to the grounds of such opinion, and if such juror shall say that he believes he can render an impartial verdict notwithstanding such opinion, and if the court is satisfied that such juror will render an impartial verdict on the evidence, may admit him as competent to serve in such case as a juror. * * * Ninth. — The same challenges shall be allowed in criminal prosecutions that are allowed to parties in civil cases;” and by sec. 5177,it is made a ground of challenge to a juror in a civil case that there is suspicion of prejudice against, or partiality for, either party.
In seems to us that ou the examination of the jurors in this ■case, that there was not that strict adherence to the statute that prudence would dictate, in this: that when a juror would answer that he had formed an opinion from reading a newspaper report of the transaction, there was substantially no inquiry by court or counsel whether this was the only ground on which such opinion was formed; and for all that appears in the case of the three jurors named, they may have also talked with witnesses to the transaction, or formed such opinion on other grounds than the newspaper accounts. Nor was the inquiry made by the court or counsel of either juror as to his belief whether he could render an impartial verdict, in the language of the statute. ¥e do not hold that it is absolutely necessary that this should be done, but we esteem it the better plan so to do, and thus to avoid the question whether the interrogatory put to the juror, and his answer thereto, are in substance those required by the statute to show that the action of the court in overruling the challenge for cause was right. *631 But on a careful consideration of the testimony of these three jurors, we incline to the opinion that there is not enough to show that the court erred in refusing to sustain the challenges made to them, on the ground that they had formed or expressed an opinion as to the guilt or innocence of the defendant.
Another question was raised by the challenge of Voorhees. He had answered that he did not know the accused, but had formed an opinion from reading a newspaper account of the transaction ; but as in the other cases, it did not appear that this was the only ground of his opinion. He however said substantially, that he believed he could lay aside his opinion so formed, and render an impartial verdict on the law and the evidence. On his examination by the counsel for the defendant, Mr. Voorhees further said that the reading of the newspaper article had created a bias or prejudice in his mind ■against the defendant, and that he would have it until it was removed — that he would enter upon the trial of the case with that prejudice to a certain extent, until he heard the testimony and it was removed — and that it would require evidence to remove it. After this, on re-examination, he stated that if accepted as a juror he would try to lay aside all former opinions.
If it were clear that this prejudice of which the juror speaks, was only the result of the reading of the newspaper article, and was only another mode for stating that he had an opinion in the ease based on that, (and nothing to the contrary of this appears in the evidence), we suppose that the cburt might, if ■satisfied from the statements of the person that he could lay this opinion or bias or prejudice aside, and render an impartial verdict on the evidence, admit him as competent — for a prejudice or prejudgment as to the merits of the case, is in one sense, only the formation of an opinion on any evidence or statements before heard. If it goes beyond this, and has produced a feeling of hostility to the accused, such person should not be allowed to sit as a juror. But we can not say thatsuch *632 feeling is in any way shown here, and while in our judgment it would have been better to excuse him, we do not feel clear that the court erred in refusing to do so. But a majority of the court is of the opinion that the error was not prejudicial to the defendant for this reason, that after the defendant had exhausted his sixteen peremptory challenges, one of them having been used on Voorhees, and the last of the sixteen upon Mr. Porter, the next person called for examination (Wm. Hane) proved entirely satisfactory to the defendant’s-counsel, who then announced that he was satisfied with that juror and with the jury. If before that time, the challenge of Vorhees for cause had been sustained, the defendant would have had one peremptory challenge left, and as the last juror was acceptable to him, he would not have found it necessary to use it, and its loss was not injurious to him. In my own judgment, if error was committed in overruling the challenge to Voorhees, the proper exception thereto having been taken, and all of the peremptory challenges of defendant being exhausted, what took place was not a waiver of his right to stand on the exception.
W. H. Pugh, for plaintiff in error.
J. C. Schwartz, Prosecuting Attorney, for the state.
We are of the opinion that there was no error in the refusal of the court to grant the motion for a new trial. The-verdict seems to have been fully warranted by the evidence. Nor do we see any substantial error in the ruling of court as to the admission or rejection of evidence, or in the charge given to the jury, and the judgment will therefore be-affirmed.